T.C. Memo. 2010-14

UNITED STATES TAX COURT

GEORGE B. HEBERT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29220-08L.            Filed January 26, 2010.

George B. Hebert, pro se.

<u>Daniel P. Ryan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  The issue for decision is whether respondent abused his discretion in sustaining a proposed levy action against petitioner to collect unpaid income tax assessments for 2002, 2003, and 2006 in addition to a civil penalty for taxable year 2003.  Petitioner argues that respondent abused his discretion by refusing to provide him with a face-to-face

collection due process (CDP) hearing.  For the reasons stated herein, we find respondent did not abuse his discretion.

FINDINGS OF FACT

Some of the facts are stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by reference.  Petitioner resided in Massachusetts at the time he filed his petition.

On May 6, 2008, respondent issued petitioner a Letter 1058, Final Notice of Intent To Levy and Notice of Your Right to a Hearing (the notice).  The notice included an account summary outlining income tax due of $10,693 for 2002, $515 for 2003, and $5,938 for 2006 and a section 6672 civil penalty of $667 for the period ending in 2003.  Petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing.  His request included a demand for verification from the Secretary that the requirements of any applicable law or administrative procedure were met, a request for copies of notice and demand regarding the assessments listed in the notice, and other arguments unrelated to the substantive merits of the assessed liabilities.  Petitioner was provided with documentation of the liabilities in question and was sent the above-referenced notice of intent to levy.  At trial petitioner admitted receiving the notices and demand but alleged they were not properly executed.

In a letter dated August 18, 2008, respondent offered petitioner a telephone CDP hearing scheduled for September 22, 2008. Respondent's letter stated that the issues petitioner raised in his CDP hearing request were frivolous and advised him that he would not be allowed a face-to-face hearing if he raised only frivolous issues. Petitioner did not subsequently provide the Appeals officer with a nonfrivolous issue or submit an additional request for a face-to-face hearing. On September 22, 2008, petitioner failed to contact the Appeals officer for his scheduled telephone conference.

Respondent sent petitioner a letter dated September 22, 2008, informing him of the impending determination and again requesting information to assist the Appeals officer with his decision. Petitioner again failed to contact the Appeals officer following respondent's request for information.

On October 24, 2008, respondent issued petitioner two Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notices of determination) sustaining the proposed levies for income tax liabilities incurred during 2002, 2003, and 2006 of $10,693, $515, and $5,938 respectively and for a section 6672 civil penalty of $667 incurred for the period ending in 2003. On December 1, 2008, petitioner filed his petition contesting these determinations. On November 2, 2009, trial was held in Boston, Massachusetts.

OPINION

The issues we consider arise from respondent's determinations to proceed with levy action under section 6330. Specifically, we must decide: (1) Whether petitioner was granted an opportunity for a hearing within the meaning of section 6330; (2) whether the Appeals officer verified under section 6330(c)(1) that the requirements of any applicable law or administrative procedure were met and whether he wrongfully denied petitioner copies of documents; and (3) whether respondent's determination to proceed with the proposed collection activity was an abuse of discretion. For the reasons stated herein, we find respondent did not abuse his discretion in sustaining the proposed levy action.

This collection review proceeding was filed pursuant to section 6330. Section 6330(d) grants the Court jurisdiction to review determinations made by an Appeals officer to proceed with collection via levy. Where the validity of the underlying tax liability is properly at issue, the Court will apply a de novo standard of review. Sego v. Commissioner, 114 T.C. 604, 610 (2000). However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Id. At trial petitioner stated he was not making a claim that he did not owe the tax liabilities. Accordingly, we

review respondent's determination for abuse of discretion. Abuse of discretion is proven by showing that the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Before the Commissioner may proceed to levy on a taxpayer's property or right to property, the taxpayer must be notified, in writing, of the Commissioner's intent and of the taxpayer's right to a hearing. Secs. 6330(a), 6331(d). Section 6330(b)(1) and (3) provides that if a person requests a hearing, that hearing shall be held before an impartial officer or employee of the IRS Office of Appeals. At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A). A taxpayer who raises only frivolous arguments is not entitled to a face-to-face CDP hearing. Lunsford v. Commissioner, 117 T.C. 183, 189 (2001). Further, a face-to-face meeting is not required to satisfy the hearing requirement under section 6330(b). Katz v. Commissioner, 115 T.C. 329, 338 (2000) (concluding that telephone communications between a taxpayer and an Appeals officer over the phone constituted an Appeals hearing); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.

Generally, a taxpayer's failure to raise an issue during a CDP hearing will bar our consideration of that issue. Giamelli

v. Commissioner, 129 T.C. 107, 112-113 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002). However, the Appeals officer's mandated verification under section 6330(c)(1) that the requirements of any applicable law or administrative procedure have been met is subject to our review without regard to a challenge by the taxpayer at the hearing. Hoyle v. Commissioner, 131 T.C. ___, ___ (2008) (slip op. at 11).

Petitioner argues he was denied a CDP hearing because he did not receive a face-to-face hearing. The record indicates that respondent provided petitioner with several opportunities to raise nonfrivolous arguments as to why respondent's levy should not be sustained. Petitioner was notified by letter dated August 18, 2008, scheduling his telephone hearing, that he would have a face-to-face hearing if he had any nonfrivolous issues. Petitioner did not respond to this offer and ultimately failed to contact the Appeals officer on the scheduled date of his telephone CDP hearing. Petitioner chose not to reschedule his hearing. Respondent did not abuse his discretion in denying petitioner a face-to-face hearing because he raised only frivolous issues. See Lunsford v. Commissioner, supra at 189; Katz v. Commissioner, supra at 338.

Petitioner alternatively argues that the Appeals officer failed to properly verify that the requirements of any applicable law or administrative procedure were met as required by section

6330. Petitioner's argument includes a request to view certain documents, including copies of assessments and notices and demand, because his copies of these documents are not legitimately signed by the Secretary. Section 6330 does not require that an Appeals officer rely upon a particular document in order to satisfy this requirement. Sec. 6330(c)(1); Craig v. Commissioner, 119 T.C. 252, 262 (2002). The Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters, which were submitted in the record at trial are valid verification that the requirements of any applicable law or administrative procedure have been met. See Craig v. Commissioner, supra at 262. There is no requirement under the internal revenue laws or the regulations that the Appeals officer give the taxpayer a copy of the delegation of authority from the Secretary to the person who signed the verification required under section 6330(c)(1). Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).

The record indicates that the Appeals officer verified that the requirements of any applicable law or administrative procedure were met. Respondent gave petitioner documents verifying certificates of assessments, payments, and other specified matters for the years at issue, including copies of the relevant Forms 4340. Petitioner decided not to discuss or otherwise review these documents at trial.

We find that respondent did not abuse his discretion in his determination to proceed with the levy. Throughout the period leading up to petitioner's scheduled hearing, petitioner was uncooperative and failed to respond to the Appeals officer's requests for information. The Appeals officer was prepared to discuss petitioner's concerns over the phone and offered petitioner a face-to-face conference if he had any nonfrivolous issues. The Appeals officer was deliberate throughout his interactions with petitioner and verified that the requirements of any applicable law and administrative procedure were met.

Accordingly, we hold there was no abuse of discretion in respondent's determination to proceed with collection of petitioner's 2002, 2003, and 2006 tax liabilities and the civil penalty for 2003. Section 6673(a)(1) authorizes the Court to impose a penalty not in excess of $25,000 whenever it appears the taxpayer's position in a proceeding is frivolous or groundless. We strongly warn petitioner that he may be subject to a section 6673 penalty in a future case if he persists in maintaining proceedings to delay or to advance frivolous arguments.

To reflect the foregoing,

Decision will be entered for respondent.