131 T.C. No. 13

UNITED STATES TAX COURT

MARTIN DAVID HOYLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7217-04L.                    Filed December 3, 2008.

        R sent P a notice of Federal tax lien, and P filed
a request for an Appeals hearing pursuant to sec. 6320,
I.R.C.  Subsequently, R sent P a notice of
determination upholding the Federal tax lien, and P
petitioned this Court for review of R's determination.
P asserts that R failed to mail to P a notice of
deficiency before assessing P's 1993 tax liability.  R
contends that P may not raise the issue of whether R
mailed P a notice of deficiency because P did not raise
the issue at the Appeals hearing.

        <u>Held</u>:  This Court will review whether R's Appeals
officer verified compliance with applicable law under
sec. 6330(c)(1), I.R.C., i.e. whether a duly mailed
notice of deficiency preceded the assessment of tax as
required by sec. 6213(a), I.R.C., without regard to
whether P raised the issue at the Appeals hearing.
<u>Giamelli v. Commissioner</u>, 129 T.C. 107 (2007),
distinguished.

Held, further, if no notice of deficiency was mailed to P, this Court will not review the underlying tax liability de novo. If no notice of deficiency was mailed, the assessment of P's 1993 tax liability is invalid, the lien with respect to P's 1993 tax liability is improper, and collection therefore may not proceed.

Held, further, it is unclear what the Appeals officer relied on to verify that the assessment of P's 1993 tax liability was preceded by a duly mailed notice of deficiency. Consequently, we will remand to the Appeals Office to clarify the record as to the basis for the Appeals officer's verification that all requirements of applicable law were met.

Martin David Hoyle, pro se.

Beth Nunnink, for respondent.

OPINION

WELLS, Judge: Respondent sent a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) to petitioner with respect to a lien filed to collect petitioner's unpaid tax liability for 1993. In response, petitioner timely filed a petition pursuant to section 6330(d),[1] seeking review of respondent's determination. The issues to be decided are: (1) Whether petitioner may raise the issue of whether a notice of deficiency for petitioner's 1993

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

taxable year was mailed to petitioner; (2) if petitioner may raise that issue, whether respondent's Appeals officer properly verified that such a notice was sent; and (3) if the Appeals officer did not properly verify that such a notice was sent, whether this Court should review the underlying tax liability de novo.

## Background

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this Opinion by reference and are found as facts.

At the time he filed the petition, petitioner resided in Louisiana.

Petitioner and Susan Hoyle timely filed a joint Federal income tax return for 1993. The address shown on the return was in Destrehan, Louisiana.

In May 1995 petitioner and Ms. Hoyle filed a Form 2848, Power of Attorney and Declaration of Representative, designating Wayne Leland as their representative. The address for petitioner and Ms. Hoyle shown on the Form 2848 was in Orlando, Florida (the Orlando address), and the address for Mr. Leland was in Winter Park, Florida.

During August 1995 petitioner moved back to Destrehan, Louisiana.

On April 3, 1996, Mr. Leland sent respondent a letter revoking his power of attorney and requesting all future notices be sent to petitioner at the Orlando address.

On August 26, 1996, respondent assessed against petitioner a deficiency of $20,495 in his income tax for 1993, an accuracy-related penalty of $4,099, and interest of $5,631.32.

On September 12, 2002, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 with respect to his unpaid tax liability for 1993.

Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing. Petitioner raised his underlying tax liability and questioned whether offsetting overpayments were properly reflected in the lien amount.

By letter dated December 9, 2003, respondent's Appeals officer informed petitioner that he was precluded from raising the underlying tax liability because he had had a previous opportunity to dispute the underlying tax.

By letter dated March 31, 2004, respondent sent petitioner a notice of determination upholding the filing of a Federal tax lien with respect to petitioner's 1993 tax liability. On April 30, 2004, petitioner filed with this Court a timely petition for review of respondent's determination.

## Discussion

Section 6320(a)(1) requires the Commissioner to give any person liable to pay tax (hereinafter referred to as a taxpayer) written notice of the filing of a tax lien upon that taxpayer's property. The notice must inform the taxpayer of the right to request a hearing in the Commissioner's Appeals Office. Sec. 6320(a)(3)(B) and (b)(1). Section 6330(c), (d), and (e) governs the conduct of a hearing requested under section 6320. Sec. 6320(c).

At the hearing, the taxpayer may raise any relevant issues including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). However, the taxpayer may challenge the underlying tax liability only if the taxpayer did not receive a statutory notice of deficiency for the tax liability and did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must also verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly in

issue, however, the Court will review the Commissioner's determination for abuse of discretion.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

I.   <u>Whether Petitioner May Raise the Issue of Whether a Notice of Deficiency Was Mailed to Petitioner</u>

At the Appeals hearing, the Appeals officer "shall" verify that the requirements of all applicable laws and administrative procedures have been followed.  Sec. 6330(c)(1).  One requirement of applicable law is the mandate of section 6213(a) that, with limited exceptions not relevant here, no deficiency may be assessed until after a notice of deficiency is mailed to the taxpayer at his last known address.[2]  Accordingly, as a general rule, if the Commissioner has not duly mailed a notice of deficiency, no collection of an assessment of the deficiency may proceed.  <u>Manko v. Commissioner</u>, 126 T.C. 195, 200-201 (2006); <u>Freije v. Commissioner</u>, 125 T.C. 14, 34-37 (2005).

Petitioner asserts that respondent failed to mail a notice of deficiency before assessing the tax in issue.  Respondent

_____

[2]See sec. 6213(a), which restricts the assessment of a deficiency unless the assessment is duly preceded by the mailing of a notice of deficiency to the taxpayer's last known address. <u>Freije v. Commissioner</u>, 125 T.C. 14, 34-37 (2005); <u>Butti v. Commissioner</u>, T.C. Memo. 2008-82 (holding that the Commissioner abused his discretion in determining to proceed with collection where there was no proof that a notice of deficiency was sent to the taxpayer before assessment of the tax deficiencies in issue).

argues that petitioner did not raise the issue of the mailing of a notice of deficiency at the hearing and therefore cannot now raise the issue before this Court.[3] There is nothing in the administrative record indicating that petitioner raised the notice of deficiency issue during the hearing; however, at the trial, petitioner testified that he told respondent's Appeals officer that he had not received a notice of deficiency.

In any event, whether petitioner raised the issue of mailing or receipt of a notice of deficiency with the Appeals officer is not determinative. We have held that this Court will not review issues raised under section 6330(c)(2) if they were not raised at the Appeals hearing. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007). However, our Opinion in Giamelli did not address this Court's authority to review issues relating to the Appeals officer's verification obligation under section 6330(c)(1).[4] We

---

[3]Respondent also notes that petitioner did not raise the issue of receipt of a notice of deficiency in his petition. However, we note that petitioner raised the issue in response to a motion for summary judgment previously filed by respondent and denied by this Court. Additionally, respondent did not object to petitioner's testimony at trial on this issue. Moreover, respondent cross-examined petitioner on this issue at trial and addressed this issue in his posttrial brief. On the basis of the foregoing, we deem the pleadings amended to conform to the evidence in accordance with Rule 41(b).

[4]In Clough v. Commissioner, T.C. Memo. 2007-106, this Court did hold that an Appeals officer's verification under sec. 6330(c)(1) was erroneous as a matter of law where the Appeals officer explicitly stated that she did not verify the mailing of a notice of deficiency. In Clough, the Commissioner did not
(continued...)

consider in the instant case whether issues arising under section 6330(c)(1) may be raised before this Court without regard to whether they were raised by the taxpayer at the Appeals hearing.

In Giamelli v. Commissioner, supra at 112, we noted that this Court's review in a section 6330(d) proceeding focuses on the Appeals officer's section 6330 determination. We examined the language and the legislative history of section 6330 and concluded that both anticipate Tax Court review of a "determination". Id. at 114. The Appeals Officer must base the section 6330(c) determination on the verification obtained under section 6330(c)(1) as well as the issues raised under section 6330(c)(2). Sec. 6330(c)(3). If a section 6330(c)(2) issue is not raised at the hearing, it cannot be part of the Appeals officer's determination. Giamelli v. Commissioner, supra at 113. In contrast, the Appeals officer must consider compliance with applicable law in the determination regardless of whether it is raised by the person challenging the collection action at the Appeals hearing. Sec. 6330(c)(1), (3)(A).

We expressed a concern in Giamelli that the Appeals officer's role would be eliminated if we were to allow an issue to be raised under section 6330(c)(2) after the Appeals hearing

---

[4](...continued)
object to this Court's consideration of the issue, and accordingly, our opinion in Clough did not address whether a taxpayer must raise the sec. 6330(c)(1) verification at the Appeals hearing.

and if the issue were litigated without any prior consideration by any level of the Commissioner's organization. Giamelli v. Commissioner, supra at 114-115. We feared that the lack of consideration by the Commissioner's Appeals Office would frustrate the administrative review process created by section 6330. Id. That concern, however, does not arise with respect to issues raised under section 6330(c)(1). Because the Commissioner's Appeals officer is required to base the determination, in part, on the verification obtained under section 6330(c)(1), the Commissioner's organization is required by the statute to verify that all legal requirements have been followed. Respondent cannot now argue that the Appeals officer had no opportunity to consider whether respondent met the requirements of applicable law, including the section 6213(a) requirement of a duly mailed notice of deficiency.

In Giamelli v. Commissioner, supra at 113, we also considered the Commissioner's interpretive regulation in section 301.6320-1(f)(2), Q&A-F5, Proced. & Admin. Regs. That regulation as revised in 2006 indicates that in seeking review of a notice of determination, a taxpayer "can only ask the court to consider an issue * * * that was properly raised in the taxpayer's * * * [collection due process] hearing." Sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs. That regulation appears to use the term "issue" in reference to those issues enumerated in section

6330(c)(2) and not in reference to the "verification" required by section 6330(c)(1). Moreover, even if that regulation was intended to apply to the section 6330(c)(1) verification, the regulation requires only that the issue be raised in the hearing, not that the taxpayer himself raise it. Apart from the question of whether the Commissioner may issue a regulation purporting to limit this Court's review authority, the verification requirement is raised at every Appeals hearing by section 6330(c)(1). In any event, the regulation is consistent with our holding that this Court has the authority to review an issue arising under section 6330(c)(1) regardless of whether the taxpayer raised it at the Appeals hearing.

In sum, the cornerstone of our holding in Giamelli was that in reviewing an Appeals officer's determination under section 6330(d), we decline to consider issues that are not a part of that determination. Logically, it follows that we may review those issues that were considered or should, by reason of the statutory mandate, have been considered by the Appeals officer in arriving at the determination. Unlike section 6330(c)(2) issues, which will be a part of the determination we are reviewing only if the issues were raised by the taxpayer at the Appeals hearing, the section 6330(c)(1) verification is required to be a part of every determination.

Accordingly we hold that this Court will review the Appeals officer's verification under section 6330(c)(1) without regard to whether the taxpayer raised it at the Appeals hearing. Consequently, the issue of whether respondent's Appeals officer verified that a notice of deficiency was sent to petitioner preceding the assessment, as required by section 6213(a), is properly before the Court.

## II. Whether the Appeals Officer Verified That a Notice of Deficiency Was Mailed to Petitioner

The record contains two copies of a notice of deficiency that respondent asserts were mailed on March 28, 1996. One copy was addressed to petitioner at the Orlando address, and one copy was addressed to Mr. Leland at his address in Winter Park, Florida.[5] In the notice of determination the Appeals officer summarily concluded that "all statutory, regulatory, and administrative procedures have been followed." He also noted that petitioner's file contained a copy of a notice of deficiency "properly sent" to petitioner. However, the Appeals Officer did not indicate in the notice of determination what he relied on to verify that the notice was properly mailed.

Respondent asserts that in the absence of clear evidence to the contrary, respondent may rely on a presumption of official

---

[5]Because it is not clear that the notice of deficiency was mailed, we need not reach the question of whether either of these addresses was petitioner's last known address for purposes of sec. 6212(b).

regularity.  We have held that exact compliance with Postal Service Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner and is sufficient, absent evidence to the contrary, to establish that the notice was properly mailed.  Coleman v. Commissioner, 94 T.C. 91 (1990); see also United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984).  It may be true that an Appeals officer could rely on a properly completed Postal Service Form 3877 to meet his verification obligation under section 6330(c)(1); however, in the instant case, the administrative record did not contain a Postal Service Form 3877.  Accordingly, the Appeals officer could not have based his verification on that form.

In response to the absence of documentation of proper mailing in the administrative record, respondent contends that both petitioner and Mr. Leland actually received the notice of deficiency.  Respondent suggests that even without proof of mailing in accordance with section 6212, the notice of deficiency is valid if it is actually received by the taxpayer or his duly authorized attorney-in-fact in time to petition this Court for review.  See Berger v. Commissioner, 404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967); see also Freiling v. Commissioner, 81 T.C. 42 (1983); Balkissoon v. Commissioner, T.C. Memo. 1992-322, affd. 995 F.2d 525 (4th Cir. 1993).

Relying on Mr. Leland's letter dated April 3, 1996, revoking the power of attorney signed by petitioner, respondent contends that the revocation letter is proof that Mr. Leland received the notice of deficiency on petitioner's behalf. Respondent asserts that Mr. Leland's letter is in response to the notice of deficiency and further contends that Mr. Leland "acknowledged" receipt of the notice of deficiency. However, nothing in the letter, or elsewhere in the record, for that matter, supports respondent's contentions. The letter from Mr. Leland does not mention the notice of deficiency, and there is nothing else in the record that could be construed as an acknowledgment of receipt of the notice of deficiency by Mr. Leland.

Respondent also relies on "circumstantial evidence" of delivery. Specifically, respondent asserts that the notice of deficiency that respondent allegedly sent to petitioner was not returned as undeliverable and that, even if petitioner had moved, the notice of deficiency should have been forwarded to him by the United States Postal Service. Respondent's arguments are less than convincing because if the notice was not mailed, it could have been neither returned to respondent nor forwarded to petitioner at his new address.

In sum, it is unclear what the Appeals officer relied on to verify that the assessment of petitioner's 1993 tax liability was preceded by a duly mailed notice of deficiency. Because it is

not clear from the record that respondent sent a notice of deficiency to petitioner before assessing the deficiencies in issue, we must decide whether it is appropriate for this Court to review petitioner's underlying tax liability de novo or whether instead we should remand to the Appeals Office for clarification of the basis for the Appeals officer's verification that all requirements of applicable law were met.[6]

III. <u>Whether This Court Should Review the Underlying Tax Liability De Novo</u>

Respondent asserts that if petitioner did not receive the notice of deficiency, this Court should review the underlying tax liability de novo. However, this Court has held that "petitioner's opportunity in a section 6330 proceeding to dispute the underlying tax liability does not cure an assessment made in derogation of his right under section 6213(a) to a deficiency proceeding." <u>Freije v. Commissioner</u>, 125 T.C. at 36. If respondent's assessment of petitioner's 1993 tax liability was not preceded by a notice of deficiency as required by section 6213(a), the assessment is invalid. See <u>id.</u>; <u>Bach v. Commissioner</u>, T.C. Memo. 2008-202 n.4; <u>Butti v. Commissioner</u>, T.C. Memo. 2008-82. Under sections 6321 and 6322, a tax lien arises in favor of the United States at the time an assessment is

---

[6]In appropriate circumstances we have remanded cases to the Appeals Office to clarify the record. See <u>Dalton v. Commissioner</u>, T.C. Memo. 2008-165; <u>Dailey v. Commissioner</u>, T.C. Memo. 2008-148; <u>Oman v. Commissioner</u>, T.C. Memo. 2006-231.

made. If respondent did not validly assess petitioner's 1993 tax liability, then no lien would have arisen with respect to that tax liability and collection could not proceed. Accordingly, if the assessment was invalid, the determination to proceed with collection was error as a matter of law. For these reasons, we decline to review petitioner's underlying tax liability at this time.

IV. <u>Conclusion</u>

On the basis of the foregoing, we are unable to ascertain the basis for the Appeals officer's verification that all requirements of applicable law were met. Consequently, we will remand this case to the Appeals Office for it to clarify the record as to what the Appeals officer relied upon in determining that the notice of deficiency was properly sent to petitioner.[7]

---

[7]We note that Chief Counsel Notice CC-2006-19 (Aug. 18, 2006) states that an Appeals Officer "may rely on a Form 4340 to verify the validity of an assessment, <u>unless the taxpayer can identify an irregularity</u> in the assessment procedure" (emphasis added) and acknowledges that, where it is alleged that a notice of deficiency was not mailed, the Appeals officer may be required "to examine underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list". The Chief Counsel's advice is consistent with our view that, where a taxpayer alleges no notice of deficiency was mailed he has (in the words of the Chief Counsel Notice) "[identified] an irregularity", thereby requiring the Appeals officer to do more than consult the computerized records. We are remanding this case in order for the Appeals Office to "examine underlying documents" and make a record of what was relied upon in making the determination that the notice of deficiency was "properly sent."

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, or moot.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.