T.C. Memo. 2009-30

UNITED STATES TAX COURT

JAMES D. BABER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14606-06L.                    Filed February 9, 2009.

James D. Baber, pro se.

<u>Douglas S. Polsky</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent sent a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330
(notice of determination) to petitioner with respect to a notice
of Federal tax lien filed to collect petitioner's unpaid tax
liabilities for 1994, 1995, 1996, and 1997.  In response

petitioner timely filed a petition pursuant to section 6330(d)[1] seeking review of respondent's determination.  The issues for decision are:  (1) Whether Settlement Officer Joella M. Apodaca was an "Impartial officer" as defined in section 6320(b)(3); and (2) if the settlement officer was an "impartial officer", then whether respondent may proceed with collection of the above-mentioned unpaid income tax liabilities.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference.  At the time he filed the petition, petitioner resided in New Mexico.

Petitioner filed Federal income tax returns for 1994, 1995, 1996, and 1997.  During 2000 the Internal Revenue Service (IRS) examined those returns.  On August 9, 2000, petitioner signed Forms 4549-CG, Income Tax Examination Changes, with respect to his income tax liabilities for 1994, 1995, 1996, and 1997.

On July 22 and 28, 2005, respondent sent to petitioner Notices of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to petitioner's income tax liabilities for 1994, 1995, 1996, and 1997.  On August 9, 2005,

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code.

the IRS filed a NFTL with respect to those liabilities with the County Clerk, Rio Arriba County, Tierra Amarilla, New Mexico.

Petitioner filed a timely Form 12153, Request for a Collection Due Process Hearing. Petitioner and Settlement Officer Joella M. Apodaca conducted a section 6330 hearing via correspondence and telephone. On June 28, 2006, respondent mailed to petitioner a notice of determination with respect to petitioner's income tax liabilities for the taxable years 1994, 1995, 1996, and 1997. Respondent determined that the filing of the NFTL was correct.

## Discussion

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v.

Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).  In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must also verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1), (3); Hoyle v. Commissioner, 131 T.C. ___, ___ (2008) (slip op. at 5).

Petitioner questioned whether Settlement Officer Apodaca was an impartial officer pursuant to section 6320(b)(3).  The validity of the underlying tax liability is not at issue; therefore we review the respondent's determination for abuse of discretion.  See Sego v. Commissioner, supra at 610.

Was Settlement Officer Apodaca an Impartial Officer?

This case is appealable to the U.S. Court of Appeals for the Tenth Circuit.  Accordingly, with regard to section 6320(b)(3), we apply the standard for an impartial officer set forth in Cox v. Commissioner, 514 F.3d 1119, 1124-1128 (10th Cir. 2008), revg. 126 T.C. 237 (2006).  See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

Section 6320(b)(3) provides:  "Impartial officer.--The hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) before the first hearing under this section".  The Internal Revenue Code does not define the term "no prior involvement".  See Cox v. Commissioner,

supra at 1124.  The Commissioner has promulgated regulations interpreting the meaning of "no prior involvement".  See id.; secs. 301.6320-1(d)(2), 301.6330-1(d)(2), Proced. & Admin. Regs. The regulations define prior involvement as follows:

> Q-D4. What is considered to be prior involvement by an employee or officer of Appeals with respect to the unpaid tax and tax period or periods involved in the hearing?
>
> A-D4. Prior involvement by an employee or officer of Appeals includes participation or involvement in an Appeals hearing (other than a CDP hearing held under either section 6320 or section 6330) that the taxpayer may have had with respect to the unpaid tax and tax periods shown on the NFTL.

Sec. 301.6320-1(d)(2), Q&A-D4, Proced. & Admin. Regs.[2]

The U.S. Court of Appeals for the Tenth Circuit interpreted the statute[3] and the regulation as follows:

> The best indicator of a statute's meaning should be the language itself and section 6330(b)(3) clearly and unambiguously provides that an appeals officer conducting a CDP hearing shall have had "no prior involvement" with respect to the unpaid tax specified on the CDP Notice.
>
> The tax court and Commissioner interpret this term * * * essentially limiting section 6330's meaning to

---

[2]  The version of the regulation in effect before amendment in 2006 applies to this case.  See Cox v. Commissioner, 514 F.3d 1119, 1125 n.7 (10th Cir. 2008), revg. 126 T.C. 237 (2006).

[3]  Although Cox v. Commissioner, supra at 1124 n.6, dealt with sec. 6330, "Section 6320 is a related provision included in the RRA that entitles a taxpayer to similar protections after the IRS issues a notice of lien."  Secs. 6320(b)(3) and 6330(b)(3) are identical except that the language "under this section or section 6330" in the former is the reverse of the phrase "under this section or section 6320" in the latter.

the language of Treas. Reg. § 301.6330-1(d)(2). However, "we assume that in drafting legislation, Congress says what it means."

An agency may not read ambiguity into a statute in order to reach a practical result. While interpreting section 6330(b)(3) narrowly makes it less likely that appeals officers will have to recuse themselves from hearing taxpayers' cases and easier for Appeals Officers to assign officers to CDP hearings, we find no legal support for doing so. By using the term "involvement," Congress deliberately implemented a broad restriction on IRS appeals officers to ensure their impartiality.

To be sure, Congress never stated any intent to narrow the meaning of "prior involvement" to prior involvement in a hearing, let alone one specifically regarding the tax liability listed on the CDP Notice.

A review of section 6330(b)(3)'s legislative history * * * [confirms] Congress' broad intent. In fact, Congress expressly contemplated only one scenario where an appeals officer with prior involvement in the taxpayer's case could conduct a subsequent CDP hearing, namely that the same appeals officer can conduct a pre-levy CDP hearing pursuant to I.R.C. § 6330 and a pre-lien CDP hearing pursuant to I.R.C. § 6320 regarding the same unpaid liability. Congress did not provide for other exceptions, nor did it express any intent that additional exceptions could be provided by the Commissioner.

Cox v. Commissioner, supra at 1125-1126 (citations and fn. refs. omitted). The Court of Appeals also held that its conclusion is further supported by the purpose of section 6330. Id. at 1126. "Central to that purpose is the taxpayer's fundamental right to an impartial appeals officer". Id. (emphasis added). Limiting the definition of "no prior involvement" to section 301.6330-1(d)(2), Proced. & Admin. Regs., impermissibly narrows that protection. Cox v. Commissioner, supra at 1126.

Furthermore, it is not relevant whether the officer or employee of Appeals was biased by his or her prior involvement with a taxpayer's liability or liabilities. Id. at 1127. All that is required for recusal is that the employee or officer in fact did have prior involvement with the taxpayer's liability or liabilities. Id. If the employee or officer had prior involvement, the taxpayer is entitled to a new section 6330 hearing before an impartial Appeals officer in accordance with the statute. Id.

During 2000 petitioner submitted an offer-in-compromise (OIC) to settle his tax liabilities for 1994, 1995, 1996, and 1997 that the IRS rejected. At the time Settlement Officer Apodaca worked for the IRS in Albuquerque, New Mexico, in the Compliance Unit as an OIC specialist. Settlement Officer Apodaca mailed petitioner the forms to complete for an OIC to settle his tax liabilities for 1994, 1995, 1996, and 1997. Settlement Officer Apodaca testified that her handwriting was on the envelope mailed to petitioner in 2000.

On September 19, 2000, as instructed by Settlement Officer Apodaca, petitioner wrote a letter to another IRS employee, Patty Trusty, regarding an OIC to settle his tax liabilities for 1994, 1995, 1996, and 1997. At the time Settlement Officer Apodaca was Patty Trusty's supervisor in the OIC function of the IRS.

At the time of the section 6330 hearing, Settlement Officer Apodaca did not recall her prior involvement with petitioner regarding his tax liabilities for 1994, 1995, 1996, and 1997. An attachment to the notice of determination states: "The Appeals Officer has no prior involvement with respect to the unpaid tax specified in IRC §6330(a)(3)(A) before the first hearing under IRC §6330 or IRC §6320 as required by IRC 6330(b)(3) [sic]."

The attachment to the notice of determination and Settlement Officer Apodaca's memory at the time of the section 6330 hearing were incorrect. Settlement Officer Apodaca did have prior involvement with respect to the unpaid tax for the years in issue before the first hearing pursuant to section 6320. Accordingly, petitioner is entitled to a new section 6330 hearing before an impartial Appeals officer in accordance with the statute. See Cox v. Commissioner, 514 F.3d at 1127; Golsen v. Commissioner, 54 T.C. 742 (1970).

To reflect the foregoing,

An appropriate order will be issued.