T.C. Summary Opinion 2011-31


UNITED STATES TAX COURT


DELMAR P. THOMPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18347-09S.                Filed March 16, 2011.


Delmar P. Thompson, pro se.

<u>Evan H. Kaploe</u>, for respondent.


MORRISON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  All section references are to the Internal Revenue Code.

Mr. Delmar P. Thompson's petition challenges a determination of the Internal Revenue Service (IRS) Appeals Office to sustain a proposed levy.  He contends that the Appeals officer failed to telephone him for a scheduled telephone conference that was to constitute part of the administrative hearing.  We find that the Appeals Office did not abuse its discretion in sustaining the levy.

## Background

Thompson was a resident of Kansas when he filed his petition.  Thompson is a trucker.  When he is driving, he is prohibited from using his cell phone, which is the only telephone he uses.  In April or May 2008, Thompson filed a Form 1040, U.S. Individual Income Tax Return, for the 2003 taxable year.  He reported a tax liability of $11,618 but did not pay the liability.

On October 23, 2008, the IRS sent Thompson a notice that it intended to levy to collect his unpaid 2003 tax liability.  Thompson requested an administrative hearing on Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated October 29, 2008.  On the Form 12153, Thompson indicated he wanted the IRS to consider an installment agreement as an alternative to collection.  He also indicated that he wanted the

IRS to withdraw the filing of a lien.[1]  He listed his cell phone number as his telephone number.

On March 16, 2009, the IRS sent Thompson a letter stating that its Appeals Office had received his request for a hearing. On May 6, 2009, Settlement Officer Scott Penny wrote a letter to Thompson on behalf of the Appeals Office stating that he had scheduled a telephone call with Thompson for 10:30 a.m., May 27, 2009.  The letter said:  "This call will be your primary opportunity to discuss with me the reasons you disagree with the collection action and/or to discuss alternatives to the collection action."  The letter said that Penny would place the telephone call by calling Thompson's cell phone number at the appointed time.  The letter asked Thompson to notify Penny if the time was not convenient or if he preferred to have a face-to-face conference or a correspondence conference.  The letter said that in order for Penny to consider an installment agreement, Thompson was required to supply, within 14 days:

- A completed collection information statement;

- signed tax returns for 2004, 2005, 2006, 2007, and 2008 (the letter said that Thompson had not yet filed the returns);

- proof that Thompson had made estimated tax payments for 2008 and 2009; and

- Thompson's proposal to resolve his outstanding liability.

---

[1]This request was made by checking a box on Form 12153.  It appears to have been a mistake.

Thompson was at home on May 27, 2009. According to Penny's notes, Penny called Thompson's cell phone number at 10:30 a.m. on May 27, 2009, but was unable to reach him. Penny's notes indicate that he heard a recorded message telling him that he had reached the number for "Moe". Unbeknownst to Penny, "Moe" was a nickname for Thompson. Consequently, Penny did not leave a message. Thompson would later testify that he never received a call from Penny that day. Thompson's telephone bill indicates that he received a telephone call from someone other than Penny at 10:30 a.m. This other incoming call may explain why Thompson missed Penny's call and why Thompson's telephone records do not reflect a telephone call from Penny at that time. We believe that Penny did call Thompson at 10:30 a.m. but did not reach him.

On May 27, 2009, Penny sent a letter to Thompson stating that Penny had tried to call him at the scheduled time but had failed to reach him. In the letter Penny advised Thompson that he never received the information he had requested in his May 6, 2009 letter. The May 27, 2009 letter warned Thompson that the Appeals Office would make a determination and that if Thompson wanted to provide any information for the Appeals Office to consider, he should do so in 14 days; i.e., by June 10, 2009.

Thompson testified that on May 28, 2009, the day after the telephone conference was scheduled to take place, he called Penny. He testified that Penny's voice mail message said that

Penny was out of the office.  But Thompson's telephone records do not indicate that he called Penny on May 28, 2009.  Thus, we do not believe that Thompson called Penny on that day.

Thompson's telephone records indicate that he called Penny on June 1, 2009, and that the conversation lasted two minutes.  Between May 5 and June 4, 2009, no other telephone calls between Thompson and Penny appear on Thompson's telephone records.

As his notes indicate, Penny received a voicemail message from Thompson on June 9, 2009, complaining that Penny had never contacted Thompson.  Penny called Thompson back but again reached the voicemail of "Moe".  Penny did not leave a message.

As Penny's notes indicate, he received another voicemail message from Thompson on June 11, 2009.  He responded by leaving a voicemail asking Thompson to contact him at 8:30 a.m. on June 12, 2009.  Penny did not receive a call from Thompson at 8:30 a.m. on June 12, 2009.

Thompson testified that at some point he spoke to Penny over the telephone and that Penny told him he could no longer discuss the case.  Thompson did not remember when this conversation took place.

On June 24, 2009, the Appeals Office issued a determination concerning the levy hearing.  The determination stated that an installment agreement was not considered because Thompson had not filed income tax returns for the tax years 2004 through 2008.

Thompson filed a petition with the Court to challenge the determination. His petition said:

> Did not receive call for the over the phone appeals hearing on date and time which was set. I was home all day and did not receive a call. I called Mr. Scott Penny the next day and received a message he was out of office for a few days, so I left him a message. Several days later he returned my call stating he had called and he could not discuss the issue with me any longer.

### Discussion

The determination of the IRS Appeals Office is reviewed by this Court for abuse of discretion where, as here, the amount of the underlying liability is not at issue. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008). The issue in this case is whether the Appeals Office held a hearing with Thompson. Section 6330(a)(1) provides that a person who receives a notice of an impending IRS levy is entitled to request a "hearing". Section 6330(b)(1) provides that if a hearing is requested, "such hearing shall be held by the Internal Revenue Service Office of Appeals." Thompson has testified essentially that the Appeals Office failed to call him at the time scheduled for a prearranged telephone conference that was to constitute part of the hearing and that thereafter the Appeals Office refused to speak to him. We believe it is more likely than not that Penny did call Thompson on the time and day arranged for the telephone call. Despite some efforts by both men to reach each other over the next few days, they failed to have a telephone conversation. Under the

circumstances, this was Thompson's fault.  He was unavailable at the appointed time on May 27, 2009, and he did not immediately call Penny when that time passed.  Thompson did not call Penny the next day, despite Thompson's testimony that he did so.  Nor did Thompson call Penny on June 12, 2009, as instructed by Penny's voicemail message left on June 11, 2009.  A difficult man to reach by telephone, Thompson did not attempt to communicate with Penny in writing.  As to Thompson's testimony that Penny refused to speak with Thompson about his case, we believe that any such refusal took place only after Thompson had a reasonable opportunity to have an earlier telephone conversation with Penny.  Under the circumstances, the Appeals Office afforded Thompson the hearing required by the statute.  See <u>Dinino v. Commissioner</u>, T.C. Memo. 2009-284, slip op. at 17.[2]

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2]Thompson does not complain about the Appeals Office's refusal to consider an installment agreement.  Because Thompson never filed his tax returns as the Appeals Office requested, the refusal of the Appeals Office to consider an installment agreement was not an abuse of discretion.  See <u>Taylor v. Commissioner</u>, T.C. Memo. 2010-213.