T.C. Memo. 2014-46

UNITED STATES TAX COURT

STACEY L. BOGART AND TIMOTHY P. BOGART, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4568-12L.                    Filed March 18, 2014.

Scott Alan Schumacher, John Alfred Clynch, Jr., and Emily J. Yamada, for
petitioners.

Lisa M. Oshiro, for respondent.

MEMORANDUM OPINION

KROUPA, Judge: This collection review matter is before the Court on the

parties' cross-motions for summary judgment filed pursuant to Rule 121(a).[1]

_____

[1]All Rule references are to the Tax Court Rules of Practice and Procedure,
(continued...)

**[*2]** Petitioners' Federal tax troubles stem from the criminal conduct of their former bookkeeper. Petitioners submitted an offer-in-compromise (OIC) of $10,000[2] to resolve deficiencies of $69,309 plus interest on the grounds that the OIC promoted effective tax administration (ETA OIC). Respondent rejected the ETA OIC and issued a determination notice sustaining a final notice of intent to levy (proposed levy action). See sec. 6330(d)(1).

Respondent contends that he acted within his discretion when he rejected the ETA OIC. Petitioners contend that respondent was obligated to accept the ETA OIC as a matter of law. Petitioners alternatively contend that we should remand the matter because respondent failed to adequately consider the ETA OIC on public policy and equity grounds. We conclude that respondent has yet to adequately consider the ETA OIC on those grounds. We will therefore deny the cross-motions for summary judgment without prejudice and remand the matter for respondent to consider the ETA OIC on public policy and equity grounds.

---

[1](...continued)
and all section references are to the Internal Revenue Code, as amended and in effect for all times relevant, unless otherwise indicated.

[2]All monetary amounts rounded to the nearest dollar.

**[*3]**                               Background

We recite uncontested facts reflected in the petition, the stipulation of facts and the exhibits attached to these documents. Petitioners resided in Washington when they filed the petition.

Petitioners are a married couple with four children. They operated a construction business during the relevant times. Petitioners treated the construction business as an S corporation for Federal income tax purposes. Petitioners were not wealthy, but they had accumulated $225,478 in assets in the form of real property equity, personal property, retirement accounts and other investments.

Before 2006 petitioners relied on Teresa Sanak to prepare Federal income tax returns on their behalf. Petitioners expanded Ms. Sanak's role in 2006 to serve as the bookkeeper for the construction business. Unbeknownst to petitioners, Ms. Sanak was a gambling addict.

Ms. Sanak stole from petitioners to feed her addiction. She systematically siphoned funds from petitioners between September 2006 and May 2008. Ms. Sanak avoided detection by routing the stolen funds around petitioners' bank accounts. All told, Ms. Sanak embezzled at least $116,000 from petitioners.

**[\*4]**  Ms. Sanak prepared for petitioners and timely filed joint Federal income tax returns for 2006 and 2007.  The stolen funds were not reported as gross income.

Respondent later examined those returns.  Petitioners uncovered Ms. Sanak's fraud through the course of that examination.  Respondent ultimately increased petitioners' income and determined deficiencies for 2006 and 2007.

Petitioners reported Ms. Sanak's conduct to local authorities and respondent's Office of Professional Responsibility.  In 2010 Ms. Sanak pleaded guilty to 10 counts of theft in the first degree.  The State of Oregon sentenced her to serve prison and probation terms.  She was also ordered to pay petitioners restitution of $116,000.  She has yet to make any payments to petitioners.  And petitioners have not satisfied the 2006 and 2007 liabilities.

Respondent subsequently initiated the proposed levy action.  Petitioners[3] timely requested a collection hearing.  Petitioners agreed that the tax liabilities were correct.  Settlement Officer (SO) Monica Garcia verified that the IRS met all requirements of applicable law and administrative procedure in issuing the levy

---

[3]Petitioners at first were represented by so-called Tax Resolution Services, Co. (TRS).  TRS twice requested additional time for petitioners to provide information.  It appears that TRS never submitted information on petitioners' behalf.  Petitioner wife then contacted the settlement officer.  Petitioner wife indicated that she would provide the information that her representative did not provide.  Petitioners then represented themselves until counsel from the tax clinic at the University of Washington School of Law appeared in this matter.

[*5] notice. SO Garcia also directed petitioners to submit financial information and proposed alternative collection methods. Petitioners submitted all requested information, the ETA OIC and two payments towards the ETA OIC. Petitioners offered to pay a total of $10,000 to compromise the 2006 and 2007 liabilities.

SO Garcia transferred the matter to SO Brian Hefty for additional consideration of the ETA OIC. SO Hefty focused on whether petitioners could demonstrate economic hardship. He concluded petitioners could not. SO Hefty also concluded that he did not "perceive" considering the ETA OIC on public policy grounds.

SO Hefty transferred the file to SO Kimberly Lewis. SO Lewis also concluded that the ETA OIC did not satisfy the requirements for acceptance.

Respondent issued the determination notice sustaining the proposed levy action. Respondent verified that legal and procedural requirements were met. Respondent indicated that petitioners' circumstances did not warrant consideration for compromising the liabilities to promote effective tax administration. Petitioners timely filed the petition.

**[\*6]**                                    <u>Discussion</u>

We must now decide whether either party is entitled to summary judgment. We begin with the summary judgment standard and then review collection actions generally. We then consider the proposed levy action.

A. <u>Summary Judgment</u>

We first consider the summary judgment standard. A motion for summary judgment will be granted if the pleadings and other acceptable materials, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. <u>See</u> Rule 121(b); <u>Elec. Arts, Inc. v. Commissioner</u>, 118 T.C. 226, 238 (2002). The moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. <u>See, e.g.</u>, <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 162 (2002). The party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial and may not rely merely on allegations or denials in the pleadings. Rule 121(d); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

B. <u>Collection Actions Generally</u>

The Commissioner is authorized to collect an unpaid Federal tax liability by lien or levy. Secs. 6321, 6331. The Commissioner must apprise a taxpayer of the

[*7] taxpayer's right to a collection hearing before an officer with the Commissioner's Office of Appeals (Appeals officer). Secs. 6320(a), 6330(a). The Appeals officer conducting the collection hearing must determine whether the Commissioner will sustain a proposed collection action. Sec. 6330(c). The taxpayer must provide all relevant information the Appeals officer requested for consideration of the facts and issues involved in the collection hearing. Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.

The Appeals officer must then verify that the Commissioner has satisfied all applicable legal and administrative requirements. Sec. 6330(c)(3)(A). The Appeals officer must consider all relevant issues a taxpayer raises. Sec. 6330(c)(3)(B). Finally, the Appeals officer must balance the intrusiveness of a proposed collection action against the need for effective tax collection. Sec. 6330(c)(3)(C). A taxpayer may appeal a determination sustaining a proposed collection action to this Court. Sec. 6330(d).

## C. Review of the Determination Notice

We now turn to respondent's determination. Respondent contends that he appropriately exercised his discretion when rejecting the ETA OIC. Petitioners disagree for two reasons. First, petitioners argue that as a matter of law their circumstances required respondent to accept the ETA OIC for public policy or

**[\*8]** equity reasons. Second, petitioners contend that respondent failed to evaluate those reasons when rejecting the ETA OIC.

### 1. Standard of Review

Petitioners do not contest the validity of the unpaid tax liabilities. We therefore review respondent's sustaining the proposed collection action for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Respondent abused his discretion if he acted in a manner that was arbitrary, capricious or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). We have concluded that the Commissioner abused his discretion when he failed to adequately consider a proposed collection alternative. See Blosser v. Commissioner, T.C. Memo. 2007-323; Harris v. Commissioner, T.C. Memo. 2006-186.

### 2. Collection Alternative

We now consider the proposed collection alternative. A taxpayer may submit an OIC as a collection alternative to a proposed levy. Sec. 6330(c)(2)(A)(iii). The Commissioner has wide discretion to accept or reject an OIC. See Churchill v. Commissioner, T.C. Memo. 2011-182. The Commissioner may accept an OIC when he determines that a genuine dispute as to the existence

**[\*9]** or amount of the correct tax liability exists or the liability exceeds the taxpayer's income and assets. Sec. 7122(d); sec. 301.7122-1(b)(1) and (2), Proced. & Admin. Regs. If the Commissioner determines neither ground exists, he may accept an OIC that promotes effective tax administration. Sec. 301.7122-1(b)(3), Proced. & Admin. Regs.

The Commissioner may determine that an OIC would promote effective tax administration when collection in full would create economic hardship. See sec. 301.7122-1(b)(3)(i), (iii), Proced. & Admin. Regs. If collection would not cause economic hardship, the Commissioner may still compromise a tax liability to promote effective tax administration when the taxpayer identifies compelling public policy or equity considerations. See sec. 301.7122-1(b)(3)(ii), Proced. & Admin. Regs.

Petitioners do not challenge the liabilities or their ability to satisfy them. Respondent determined, and petitioners acknowledge, that the ETA OIC did not meet the economic hardship standard. See sec. 301.6343-1, Proced. & Admin. Regs. Thus, the cross-motions focus on the rejection of the ETA OIC under only public policy and equity considerations. See sec. 301.7122-1(b)(3)(ii), Proced. & Admin. Regs.

**[*10]** The Commissioner will accept an OIC for public policy or equity reasons only if the taxpayer demonstrates that "exceptional circumstances" exist and meets three requirements. Sec. 301.7122-1(b)(3)(ii), (c)(3)(ii), Proced. & Admin. Regs.; Internal Revenue Manual (IRM) pt. 5.8.11.2.2(4) (Sept. 23, 2008). First, the taxpayer must have remained in compliance since incurring the liability and must not have an overall compliance history that weighs against compromise. IRM pt. 5.8.11.2.2(4). Second, the taxpayer must also show he or she acted reasonably and responsibly in incurring the liability. Id. Third, the Commissioner must also determine that other taxpayers would view the compromise as fair and equitable. Id. The Commissioner must base his determination on all facts and circumstances. Sec. 301.7122-1(c)(1), Proced. & Admin. Regs.

   3. Respondent's Determination

We now consider whether either party is entitled to summary judgment regarding the ETA OIC rejection.

      a. Respondent's Motion for Summary Judgment

We begin with respondent's motion for summary judgment. Respondent contends that there is no factual dispute that he acted within his discretion in denying the ETA OIC. We disagree. Respondent argues that embezzlement does not constitute exceptional circumstances because petitioners can claim a theft loss

[*11] deduction.  See sec. 165; sec. 1.165-8(d), Income Tax Regs.  But at the administrative level repondent did not consider whether the theft loss constituted exceptional circumstances--even though petitioners requested relief on public policy and equity grounds.  The administrative record indicates that respondent did not consider those grounds but focused solely on economic hardship grounds.  He merely concluded that the ETA OIC did not merit consideration under public policy or equity grounds.  Respondent did not adequately consider this issue.

Notwithstanding, respondent contends he is entitled to summary judgment because petitioners' circumstances do not conform with the examples provided in the regulations.[4]  Petitioners counter that those examples are not the exclusive circumstances under which the Commissioner may accept an OIC for public policy or equity reasons.  We agree with petitioners.  As noted, the Commissioner has wide discretion to accept an OIC under varying circumstances.  The examples, however, are not the only scenarios under which the Commissioner may accept an OIC for public policy or equity reasons.  See Keller v. Commissioner, T.C. Memo. 2006-166, aff'd in part, rev'd in part on another issue, 568 F.3d 710 (9th Cir.

---

[4]Example (1) contemplates a taxpayer that was assessed a large deficiency because the taxpayer could not manage his own financial affairs because of serious illness.  Sec. 301.7122-1(c)(3)(iv), Example (1), Proced & Admin. Regs.  The taxpayer in Example (2) has a deficiency that results from the taxpayer's actions based on erroneous advice from the Commissioner.  Id.

[*12] 2009). In the view of the taxpayer advocate, the Commissioner uses OICs under public policy or equity reasons too infrequently when the deficiency stems from third-party failures. Nina E. Olson, National Taxpayer Advocate, 2012 Annual Report to Congress, 426 (2012). The Commissioner must consider and address collection alternatives a taxpayer raises. The fact that the examples in the regulations differ from petitioners' circumstances does not relieve respondent of that requirement. Thus, respondent is not entitled to summary judgment.

### b. Petitioners' Motion for Summary Judgment

We now turn to petitioners' arguments in support of their summary judgment motion. First, petitioners claim that they satisfied the requirements as a matter of law for respondent to accept the ETA OIC. See IRM pt. 5.8.11.2.2. We disagree. It is undeniable that Ms. Sanak perpetrated a fraud against petitioners. The Commissioner maintains, however, wide discretion when evaluating an OIC and determining whether a taxpayer demonstrated exceptional circumstances. The record does not establish as a matter of law that respondent was obligated to accept the ETA OIC.

**[*13]** Next, petitioners argue that respondent abused his discretion when the SO rejected the ETA OIC without forwarding it to respondent's NEH-ETA group.[5] See id. pt. 5.8.11.2.2(1). Again, we disagree. The Appeals officer maintains discretion to accept an OIC that promotes effective tax administration and forward only those OICs to the NEH-ETA group. Id. The IRM does not require the Appeals officer to forward every OIC based on public policy or equity grounds to the NEH-ETA group. Thus, the Appeals officer could have rejected the ETA OIC without forwarding it to the NEH-ETA group. See id. pt. 1.2.44.2.1 (Jan. 6, 2009).

Last, petitioners contend that the matter should be remanded for further consideration because respondent did not adequately consider the ETA OIC. We agree. Notwithstanding respondent's wide discretion, he still must review the issues petitioners raised during the hearing. The undeveloped record demonstrates that respondent has not fully considered the ETA OIC as required. The record does not allow for meaningful review. See Hoyle v. Commissioner, 131 T.C. 197, 205 (2008). Thus, we will deny the cross-motions for summary judgment without prejudice and remand the matter for further consideration.

---

[5]NEH stands for noneconomic hardship.

**[*14]** We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.