T.C. Memo. 2015-136

UNITED STATES TAX COURT

HUSAM A. ABU-DAYEH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4237-13L.                    Filed July 28, 2015.

Husam A. Abu-Dayeh, pro se.

<u>Peter T. McCary</u> and <u>A. Gary Begun</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  This case was commenced in response to a Notice of
Determination Concerning Collection Action(s) under Section 6320 and/or 6330
(notice of determination) upholding collection actions regarding penalties under

[*2] section 6694(b) of $17,361 and $17,000 for tax years 2003 and 2004, respectively.[1]

The issues for consideration are (1) whether petitioner is entitled to raise his underlying liability for section 6694(b) penalties for tax years 2003 and 2004 and (2) whether the Office of Appeals (Appeals) abused its discretion in making its determination to sustain the Internal Revenue Service's (IRS) collection actions and reject petitioner's offer-in-compromise (OIC).

FINDINGS OF FACT

Some of the facts are stipulated and are so found. We incorporate by reference the stipulation of facts and the attached exhibits. Petitioner resided in Florida when he filed his petition.

During 2004 and 2005 petitioner owned and operated Taxpros Accounting Service, Inc., a Florida corporation that was in the business of preparing and filing Federal income tax returns. Petitioner prepared and filed customer Federal income tax returns for tax years 2003 and 2004 in which he claimed materially false items so as to obtain significant refunds for his customers.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

**[*3]** On April 15, 2008, the United States indicted petitioner on 39 counts of violating section 7206(2) and 18 U.S.C. sec. 2. Petitioner entered into a plea agreement in the U.S. District Court for the Middle District of Florida on October 15, 2008, wherein he pleaded guilty to one count of violating section 7206(2) and 18 U.S.C. sec. 2 by aiding and assisting in the preparation of materially false and fraudulent tax returns. The remaining 38 counts were dismissed pursuant to petitioner's plea agreement. The terms of the plea agreement required petitioner to serve 5 months in prison, undergo 12 months of supervised release, and pay restitution to the IRS of $79,070, calculated on the total tax losses due to petitioner's conduct. As of July 11, 2009, petitioner had paid all of the court-ordered restitution. The plea agreement specifically states that it is "limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities". The plea agreement is a total of 12 pages, all of which are initialed or signed by petitioner except for page 10. Page 10 contains an explicit statement of petitioner's guilt in filing materially false tax returns: "[D]efendant is pleading guilty because defendant is in fact guilty."

Respondent mailed Letters 1125, Preparer Penalty 30-Day Letters, on September 9, 2010, which proposed assessment of multiple $1,000 penalties

**[*4]** pursuant to section 6694(b) for making understatements of tax due to willful or reckless conduct. In attachments to the Letters 1125, respondent proposed assessment of 21 penalties for tax year 2003 and 18 penalties for tax year 2004. Petitioner timely requested a hearing with Appeals, and a conference was held on March 23, 2011, among petitioner, Appeals Officer (AO) Brian Gilroy, and Peter Sartes, the attorney who had represented petitioner in his criminal proceeding.

During the conference, petitioner raised three defenses to the section 6694(b) penalties: (1) he believed he had already paid the penalties as part of his payment of $79,070 in restitution pursuant to his plea agreement; (2) petitioner and Mr. Sartes believed the plea agreement covered all issues with respect to petitioner's preparation of the 39 fraudulent returns, and consequently, it would be unfair to assess civil penalties against him; and (3) petitioner's criminal proceedings had been handled by a special agent for criminal investigation, and as a result, the preparer penalties were not independently examined by the IRS. Following this conference, AO Gilroy recommended that petitioner be assessed 36 total penalties, 19 for tax year 2003 and 17 for tax year 2004. AO Gilroy based his recommendation on (1) petitioner's admission of guilt as to 39 counts in his plea agreement and (2) the fact that understatements of tax liability existed on only 36 of those counts. AO Gilroy mailed a letter to petitioner on April 4, 2011, with

[*5] these recommendations.  Respondent assessed the recommended section 6694(b) penalties against petitioner in the amounts of $19,000 and $17,000 for tax years 2003 and 2004, respectively, on May 30, 2011.

Respondent mailed to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (NOIL) on October 18, 2011, relating to the section 6694(b) penalties.  Petitioner's wife signed for the NOIL on October 25, 2011.  By letter dated November 18, 2011, 31 days after the NOIL was mailed, petitioner contacted respondent concerning the amounts proposed in the NOIL.

On May 1, 2012, respondent mailed to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing Under IRC 6320.  Respondent filed a notice of Federal tax lien (NFTL) against petitioner on May 3, 2012.  Petitioner timely requested a collection due process (CDP) hearing.  In his Form 12153, Request for a Collection Due Process or Equivalent Hearing, petitioner requested a withdrawal of the lien and checked the box for "I Cannot Pay Balance".

Settlement Officer Wilhamina Hayes (SO Hayes) conducted petitioner's CDP hearing, which was held by telephone on September 6, 2012.  Petitioner raised his hearing with AO Gilroy during the conference with SO Hayes.  SO Hayes sought guidance from respondent's Nashville, Tennessee, office, and

[*6] Associate Area Counsel Nancy Hale (AAC Hale) advised SO Hayes that petitioner could not raise his underlying liability because he had the opportunity to do so at his prior meeting with AO Gilroy.

Petitioner submitted a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 656, Offer in Compromise (OIC), to SO Hayes on October 1, 2012. Petitioner did not include any supporting financial documents with his Form 433-A. Petitioner offered $5,000 as a compromise, but he did not submit an application fee, any initial payment for his OIC, or a Form 656-A, Income Certification for Offer in Compromise. Petitioner explained that he was unable to remit any fees or initial OIC payment since he submitted his OIC via fax. Petitioner did not check the "Low-Income Certification" box on his Form 656. SO Hayes submitted petitioner's OIC to respondent's Brookhaven, New York, Centralized Offer in Compromise (COIC) office for processing. Throughout petitioner's communications with SO Hayes and AAC Hale, petitioner repeatedly maintained that he had already paid any applicable penalties by virtue of having paid restitution in resolution of his criminal case. Additionally, petitioner expressed his belief that additional penalties were unfair in light of his payment of restitution, which he believed constituted a final judgment against him from the IRS.

**[\*7]** On December 14, 2012, COIC returned petitioner's OIC as not processable because of petitioner's failure to submit the application fee or initial payment. Petitioner spoke with SO Hayes by telephone on December 18, 2012, at which time SO Hayes informed petitioner she would be closing his case. Petitioner asked SO Hayes to delay a determination for 30 to 60 days to allow him to gather funds for a new OIC, but SO Hayes denied this request and explained that petitioner could submit a new OIC after the issuance of a notice of determination. SO Hayes believed petitioner agreed with the closing of his case, and she subsequently closed petitioner's case on January 2, 2013.

Respondent mailed the notice of determination to petitioner on January 18, 2013. The notice (1) sustained the NFTL against petitioner, (2) determined that petitioner could not raise his underlying liability because he had a prior opportunity to do so, (3) noted the rejection of petitioner's OIC for failure to submit the required payments, and (4) determined that petitioner had not provided any other collection alternatives.

**[*8]**                              OPINION

I.    Relevant Law

Section 6320(a) and (b) provides that a taxpayer shall be notified in writing by the Commissioner of the filing of a notice of Federal tax lien and provided an opportunity for an administrative hearing. If an administrative hearing is requested, the hearing is to be conducted by Appeals. Secs. 6320(b)(1), 6330(c)(1). The Appeals officer conducting the hearing must verify that the requirements of any applicable law or administrative procedure have been met, and the taxpayer may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Secs. 6320(c), 6330(c)(1), (2)(A).

Section 6330(c)(2)(B) permits challenges to the validity of the underlying liability in collection proceedings only where the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to challenge the liability. If the validity of the underlying liability is not properly at issue, we will review the Commissioner's administrative determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). An abuse of discretion occurs if Appeals' determination is arbitrary, capricious, or without sound basis in fact or

[*9] law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Freije v. Commissioner, 125 T.C. 14, 23 (2005).  However, if the validity of the underlying liability is properly at issue, we review the matter on a de novo basis.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).

II.     Underlying Liability

Petitioner had a prior opportunity to contest his underlying liability during his conference with AO Gilroy.  Accordingly, petitioner is not permitted to raise his underlying liability in this proceeding, and we review the Commissioner's determination for abuse of discretion.

III.    Review for Abuse of Discretion

In considering whether SO Hayes abused her discretion, we consider whether she:  (1) considered any relevant issues raised at the hearing and (2) determined whether any proposed collection action balanced the need for the efficient collection of taxes with petitioner's legitimate concern that any collection action be no more intrusive than necessary.  Secs. 6320(c)(1), 6330(c)(2) and (3)(A), (B), and (C).  The Court will not consider whether SO Hayes verified that the requirements of any applicable law or administrative procedure had been met because petitioner failed to raise the issue in his petition.  See sec. 6330(c)(1); Rule 331(b)(4); Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008); Dinino v.

[*10] Commissioner, T.C. Memo. 2009-284. Section 7122(a) authorizes the Commissioner to compromise any civil or criminal case arising under the internal revenue laws. Section 7122(c) provides certain guidelines for acceptance of an OIC. As relevant to this case, section 7122(c)(1) and (2)(B) requires that the taxpayer submit a partial payment and an application fee with the OIC. Section 301.7122-1(d)(1), Proced. & Admin. Regs., provides that "[a]n offer to compromise a tax liability pursuant to section 7122 must be submitted according to the procedures, and in the form and manner, prescribed by the Secretary."

Petitioner failed to remit either a partial payment of his proposed $5,000 compromise or the relevant application fee, and he also failed to submit supporting financial documents. Petitioner also did not certify low-income status on his Form 656. These omissions meant that COIC could not process petitioner's OIC. Submission of an OIC must meet the requirements in section 7122; and because petitioner did not conform his OIC to these requirements or offer any other collection alternatives, SO Hayes did not abuse her discretion in determining that he was ineligible for collection alternatives. While we understand petitioner's frustration at having been assessed penalties after he paid restitution to the IRS, SO Hayes followed the requirements of section 6330(c), and her decision to uphold the NFTL was not an abuse of discretion.

**[*11]** In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.