T.C. Memo. 2016-17

UNITED STATES TAX COURT

DAVID PETERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24315-13L.                    Filed February 8, 2016.

David Peterson, pro se.

<u>Kimberly A. Daigle</u> and <u>Kenneth A. Hochman</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Petitioner seeks review of a Notice of Determination

Concerning Collection Action(s) Under Section 6320 and/or 6330[1] (notice of

---

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] determination) sustaining the filing of a notice of Federal tax lien (NFTL) with respect to petitioner's Federal income tax liability for 2007. The issue for decision is whether respondent properly verified that a notice of deficiency for 2007 was mailed to petitioner.

## Background

The parties submitted this case fully stipulated under Rule 122. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. Petitioner resided in Florida at the time the petition was filed.

Petitioner worked for Total Health & Rejuvenation Center, Inc., during 2007. Petitioner did not file an income tax return for 2007. Consequently, the Internal Revenue Service (IRS) prepared a substitute for return for 2007 pursuant to section 6020(b). Respondent determined a deficiency of $11,068 for 2007 as well as penalties and additions to tax totaling $4,322.20.

On July 31, 2012, the IRS mailed petitioner a Letter 1058, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy), with respect to his outstanding income tax liabilities for 2006 and 2007.[2] On February 26, 2013, the IRS mailed petitioner a Letter 3172, Notice of Federal

---

[2] Neither the levy action nor the 2006 tax year is at issue.

[*3] Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to his outstanding income tax liability for 2007. On April 4, 2013, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to the filing of the NFTL. On his Form 12153 petitioner requested a face-to-face collection due process (CDP) hearing and stated that he planned to: (1) verify that the IRS had followed proper procedures; (2) challenge the tax liability and accrued penalties; and (3) discuss collection alternatives.

On May 3, 2013, the IRS assigned petitioner's case to Settlement Officer Barbara Smeck. Settlement Officer Smeck informed petitioner by letter that the Appeals Office (Appeals) had received his request for a CDP hearing, and she scheduled a telephone CDP hearing for July 10, 2013. Petitioner and Settlement Officer Smeck conducted a CDP hearing via correspondence during which petitioner claimed that he had never received a notice of deficiency for 2007. While attempting to verify that a notice of deficiency for 2007 had been properly mailed to petitioner, Settlement Officer Smeck confused the notice of intent to levy that had been sent to petitioner on July 31, 2012, with a notice of deficiency. As a result, she consulted the certified mailing list for the notice of intent to levy but did not consult any documents that would confirm the mailing of a notice of deficiency.

**[\*4]** On September 9, 2013, the IRS issued petitioner a notice of determination sustaining the filing of the NFTL. Petitioner timely petitioned this Court for review of the determination.

Discussion

I.    Statutory Framework

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for tax when a demand for payment of the tax has been made and the taxpayer fails to pay the tax. Section 6320(a)(1) requires the Commissioner to give the taxpayer written notice of the filing of the NFTL. The notice must inform the taxpayer of the right to request a hearing. Sec. 6320(a)(3)(B). The lien imposed under section 6321 does not arise if a valid assessment has not been made. Sec. 6322; Hoyle v. Commissioner, 131 T.C. 197 (2008). "If respondent's assessment of * * * [a taxpayer's] tax liability was not preceded by a notice of deficiency as required by section 6213(a), the assessment is invalid." Hoyle v. Commissioner, 131 T.C. at 205 (citing Freije v. Commissioner, 125 T.C. 14, 36 (2005)).

If a taxpayer requests a hearing, the hearing shall be held before an impartial officer or employee of Appeals. Sec. 6320(b)(1). A hearing under section 6320 generally shall be conducted in a manner consistent with the procedures set forth

**[\*5]** in section 6330(c), (d), and (e). Sec. 6320(c). At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

In determining whether to sustain the filing of an NFTL, Appeals must take into consideration: (1) the verification required by section 6330(c)(1); (2) any relevant issues raised by the taxpayer; and (3) whether the filing of the NFTL appropriately balances the need for efficient collection of taxes with the taxpayer's legitimate concerns regarding the intrusiveness of the collection action. Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review Appeals' determination in connection with a collection hearing. Where the validity of the underlying tax liability is properly at issue, we review the taxpayer's liability de novo. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not properly at

**[\*6]** issue, we review the determination for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. at 610; <u>Goza v. Commissioner</u>, 114 T.C. at 182.

II.     <u>Verification</u>

Appeals must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3). In part, section 6330(c)(1) requires Appeals to verify that a valid notice of deficiency was issued to the taxpayer. <u>Jordan v. Commissioner</u>, 134 T.C. 1, 12 (2010); <u>Hoyle v. Commissioner</u>, 131 T.C. at 202-203. Where, as in this case, a taxpayer identifies an irregularity in the assessment procedure, an Appeals officer cannot rely solely on the tax transcripts in order to verify that a notice of deficiency has been sent. <u>See</u> <u>Hoyle v. Commissioner</u>, 131 T.C. at 205 n.7 ("[W]here a taxpayer alleges no notice of deficiency was mailed he has * * * '[identified] an irregularity[.]'" (quoting Chief Counsel Notice CC-19 (Aug. 18, 2006))); <u>see also</u> <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002). Instead, the Appeals officer must examine "underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list". <u>See</u> <u>Hoyle v. Commissioner</u>, 131 T.C. at 205 n.7 (quoting Chief Counsel Notice CC-2006-19); <u>Marlow v. Commissioner</u>, T.C. Memo. 2010-113; <u>Casey v. Commissioner</u>, T.C. Memo. 2009-131.

**[\*7]** The parties agree that Settlement Officer Smeck did not properly verify that the notice of deficiency for 2007 was mailed to petitioner. Although Settlement Officer Smeck attempted to verify proper mailing of a notice of deficiency by consulting underlying documents, she mistakenly relied on the wrong certified mailing list. Settlement Officer Smeck thought that she was examining the certified mailing list for a notice of deficiency when she was in fact examining the certified mailing list for the notice of intent to levy. As a result, rather than verifying proper mailing of a notice of deficiency, she verified proper mailing of the notice of intent to levy. Additionally, Settlement Officer Smeck did not consult any other documents that could have verified proper mailing of a notice of deficiency. Accordingly, we find that Appeals did not satisfy the verification requirement of section 6330(c)(1).

In the light of Settlement Officer Smeck's error, petitioner argues that we should remand this case to Appeals. Respondent argues that a remand is unnecessary because Settlement Officer Smeck's error was harmless. Generally speaking, we need not remand a case to correct a harmless error. Perkins v. Commissioner, 129 T.C. 58, 70-71 (2007). "Error is harmless when it causes no prejudice or does not affect the ultimate determination in the case." Cohen v. Commissioner, T.C. Memo. 2013-86, at \*16 (citing Perkins v. Commissioner, 129

[*8] T.C. at 70-71, and <u>Watchman v. Commissioner</u>, T.C. Memo. 2012-113). Respondent argues that the notice of deficiency for 2007 was in fact mailed to petitioner, and thus, even if Settlement Officer Smeck had consulted appropriate sources in conducting her verification, her ultimate determination would have been the same. Because it is not clear from the administrative record that respondent mailed a notice of deficiency to petitioner, we decline to conclude that the error was harmless. Accordingly, we will remand this case to Appeals for it to verify that a notice of deficiency was properly mailed to petitioner.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.