T.C. Memo. 2016-134

UNITED STATES TAX COURT

MARK ALVA WEST, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7648-15L.                          Filed July 19, 2016.

Mark Alva West, pro se.

Karen Lynne Baker, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  This collection due process (CDP) case was commenced in response to a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 of the Internal Revenue Code dated February 19, 2015, upholding a proposed collection action regarding petitioner's

[*2] unpaid tax liability for tax year 2012. We must consider whether respondent's determination to proceed with the collection action was proper.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

## FINDINGS OF FACT

Petitioner resided in Texas when the petition was filed. Petitioner worked as an engineer for many years. For tax year 2012 petitioner received wages of $148,507.

Petitioner and his wife requested an extension of time to file their 2012 Form 1040, U.S. Individual Income Tax Return. Petitioner did not pay timely estimated tax for tax year 2012. On April 15, 2013, petitioner and his wife made a payment of $10,000 and applied withholding credits of $7,922 to their income tax for tax year 2012. They made another payment of $10,972 on October 26, 2013, for a total of $28,894. Their 2012 tax return showing tax due of $28,540 was marked as received by respondent on October 25, 2013. Their tax return was signed on October 15, 2013.

[*3] On December 9, 2013, respondent assessed against petitioner and his wife the following for tax year 2012: $28,540 (Form 1040 tax); $354 (estimated tax addition to tax); $478 (late filing addition to tax); $372 (late payment addition to tax); and $171 (interest). The assessment totaled $29,914. The payments made by petitioner and his wife on April 15 and October 26, 2013, satisfied the Form 1040 tax and the estimated tax addition to tax. The current unpaid liability is for the late filing addition to tax, the late payment addition to tax, and the interest.[1]

On July 31, 2014, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Your Right to Hearing, for petitioner's late filing addition to tax, late payment addition to tax, and interest for 2012. Petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated August 19, 2014, and included a letter which raises concerns about the additions to tax and interest. Petitioner had a telephone CDP hearing on January 7, 2015. At the hearing petitioner neither provided the settlement officer with any

---

[1]The Tax Court is a court of limited jurisdiction, in that this Court possesses only adjudicatory powers that Congress has conferred upon it. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). That adjudicatory power encompasses the redetermination of deficiencies and the determination of overpayments. Secs. 6214(a), 6512(a). We do not have jurisdiction over either the Form 1040 tax or the estimated tax addition to tax since they both have been paid. See secs. 6211(a), 6213(a).

**[*4]** collection alternatives nor entered into an installment agreement or an offer-in-compromise.

Respondent sent petitioner the Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 on February 19, 2015, sustaining the proposed levy. In his timely filed petition, petitioner contends that there was no failure to timely file his income tax return despite filing after the deadline because he filed as expediently as possible and that he has overpaid his tax for previous years.

OPINION

Section 6330 requires the Secretary to furnish a person notice and opportunity for a hearing before an impartial officer or employee of the Internal Revenue Service (IRS) Appeals Office (Appeals) before making a levy on the person's property. At the hearing the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2). The person may challenge the existence or the amount of the underlying tax liability for any period only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

**[*5]** I.     Standard of Review

Once Appeals issues a notice of determination, the person may seek review in this Court.  Sec. 6330(d)(1).  Where the validity of the underlying tax liability is properly at issue, we review the determination de novo.  Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  The taxpayer has the burden of proof regarding his or her underlying tax liability.  See Rule 142(a).  A taxpayer may not challenge an underlying tax liability during a CDP hearing unless the taxpayer did not receive a statutory notice of deficiency for the liability or did not otherwise have the opportunity to dispute the liability.  Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9 (2004).  The term "underlying tax liability" in section 6330(d)(1) includes any amount owed by a taxpayer pursuant to the tax laws, including additions to tax and interest.  Katz v. Commissioner, 115 T.C. 329, 339 (2000).

Petitioner did not receive a notice of deficiency and did not otherwise have a prior opportunity to contest his underlying tax liability.  At his CDP hearing petitioner argued that despite being filed after the deadline his income tax return should be considered on time because he filed as expediently as possible given his circumstances and that he should not owe the additions to tax and interest because it is unfair to have to estimate tax and that he has previously overpaid.  Petitioner

**[*6]** properly raised his underlying tax liability, and therefore we will review respondent's determination de novo.

II.     Underlying Liability

    A.     Late Filing and Late Payment Additions to Tax

Under section 7491(c), the Commissioner bears the burden of producing evidence with respect to the liability of the taxpayer for any addition to tax. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Section 6651(a)(1) imposes an addition to tax if a taxpayer fails to file his Form 1040 by the due date. The parties do not dispute that respondent received petitioner's return on Friday, October 25, 2013, and that it was due on October 15, 2013. Respondent has met his burden of production.

Section 6651(a)(2) imposes an addition to tax if a taxpayer fails to pay his Form 1040 tax by the due date. The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return filed by the taxpayer or prepared by the Secretary. Sec. 6651(a)(2), (g)(2); Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), aff'd without published opinion, 94 A.F.T.R. 2d (RIA) 2004-5490 (3d Cir. 2004). Respondent has shown that petitioner did not pay his tax by the due date. Respondent has met his burden of production.

[*7] The additions to tax under section 6651(a)(1) and (2) apply once the Commissioner has met his burden of production unless the failure to comply was due to reasonable cause and not due to willful neglect. The taxpayer bears the burden of establishing reasonable cause. Higbee v. Commissioner, 116 T.C. at 446-447. Petitioner argues that the complexity of the tax law coupled with his advanced age caused him to be unable to comply with timely filing and payment requirements but that he filed as expediently as he could. Petitioner gave no other explanation of why his tax return was late. Petitioner testified that he had no documents showing when the return was mailed. Most of his arguments were related to the estimated tax addition to tax, which is not before the Court. Petitioner contended that he had overpaid his tax for previous years. Petitioner did not establish that he had reasonable cause for failing to timely file his return and pay the tax due for 2012.

B. Interest

Under section 6404(e)(1), the Commissioner may abate interest on a tax payment if the delay in payment was attributable to an IRS employee's "being erroneous or dilatory in performing a ministerial or managerial act". Petitioner does not claim that any IRS employee behaved in such a manner. Rather, petitioner claims that he should not be liable for interest because the IRS does not

**[\*8]** pay taxpayers interest when it refunds amounts the taxpayers have overpaid. The interest due for 2012 will not be abated.

III.     Abuse of Discretion

We review the settlement officer's administrative determinations regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). In deciding whether the settlement officer abused his discretion in sustaining the notice of levy filing, we consider whether he:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Our review of the record reveals that the settlement officer conducted a thorough review of petitioner's account, determined that the additions to tax and interest had been properly assessed, and verified that other requirements of applicable law and administrative procedure were followed.

**[\*9]**  Petitioner has not advanced arguments or presented evidence allowing us to conclude that the determination to sustain the proposed collection action was arbitrary, capricious, or without sound basis in fact or otherwise an abuse of discretion.  See Giamelli v. Commissioner, 129 T.C. 107, 115 (2007).  Petitioner neither provided the settlement officer with any collection alternatives nor entered into an installment agreement or an offer-in-compromise.  It is not an abuse of discretion for a settlement officer to decline to consider a collection alternative where the taxpayer does not place a specific proposal on the table.  See McLaine v. Commissioner, 138 T.C. 228, 243 (2012); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005).  We therefore conclude that respondent's determination to proceed with the proposed collection action was not an abuse of discretion.

Any contentions we have not addressed are irrelevant, moot, or meritless.

Decision will be entered

for respondent.