T.C. Summary Opinion 2020-21

UNITED STATES TAX COURT

CONGREGATION BAIS YAAKOV, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20188-18S L.                    Filed July 22, 2020.

Yitzchok Kaplan (an officer), for petitioner.[1]

<u>Brian E. Peterson</u> and <u>Monica E. Koch</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This collection review case was heard pursuant

to the provisions of section 7463 of the Internal Revenue Code in effect when the

---

[1]<u>Lawrence A. Sannicandro</u> entered a limited appearance as pro bono counsel for petitioner when this case was called for hearing in New York, New York.  The Court appreciates Mr. Sannicandro's assistance.

petition was filed.[2]  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case.

The Internal Revenue Service (IRS) Office of Appeals (Appeals Office)[3]

issued a notice of determination to Congregation Bais Yaakov sustaining a

proposed levy action to collect unpaid Federal employment tax and related

assessments for the taxable period ending March 31, 2016.  Petitioner invoked the

Court's jurisdiction by filing a timely petition for review under section 6330(d).[4]

This matter is before the Court on respondent's motion for summary

judgment, with supporting declarations, filed pursuant to Rule 121.  Petitioner

filed a response opposing respondent's motion, to which respondent filed a reply

and supplements thereto.  As discussed in detail below, the Court will grant

respondent's motion and enter a decision sustaining the collection action.

---

[2]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded to the nearest dollar.

[3]This office is now named the "Independent Office of Appeals".  See sec. 6330(b)(1) (as amended by the Taxpayer First Act, Pub. L. No. 116-25, sec. 1001, 133 Stat. at 983 (2019)).

[4]When the petition was filed, petitioner's principal place of business was in New York.

Background[5]

I. Petitioner's Employment Tax Returns and Requests for Abatement

Petitioner is a corporation that is exempt from Federal income tax under section 501(c)(3). Yitzchok Kaplan is petitioner's president and administrator.

Generally speaking, petitioner timely files Forms 941, Employer's Quarterly Federal Tax Return, and timely pays its Federal employment tax liabilities. On occasion, however, petitioner has filed Form 941 late and remitted Federal employment tax deposits after the due date. For some taxable periods the IRS issued refunds to petitioner in respect of its Federal employment tax overpayments, and for other periods petitioner requested that the IRS apply its overpayments to satisfy its Federal employment tax liabilities for other taxable periods--a so-called credit elect overpayment.

Against this backdrop, over several taxable periods the IRS assessed additions to tax for late filing and late payment under section 6651(a)(1) and (2), respectively, and Federal tax deposit penalties under section 6656. The IRS collected these additions to tax and penalties by applying portions of petitioner's employment tax deposits that otherwise would have resulted in overpayments.

---

[5]The following background facts, which are drawn from the pleadings, respondent's motion, petitioner's response, respondent's reply, and related exhibits, are not in dispute.

In December 2012 Mr. Kaplan sent a letter to the IRS requesting that additions to tax and penalties assessed for quarterly periods ending March 31, 2005, and June 30, 2007, be abated. In June 2013 Mr. Kaplan sent a followup letter to the IRS inquiring about the status of the above-referenced request for abatement. At some date not reflected in the record Mr. Kaplan also requested that the IRS abate additions to tax and penalties assessed for quarterly periods ending September 30 and December 31, 2010.

IRS records indicate that petitioner's abatement requests for the quarterly periods mentioned above were denied in 2014. Petitioner has no record of a written notice from the IRS denying its abatement requests.

## II. Petitioner's Employment Tax Liability in Dispute

On August 22, 2016, petitioner filed Form 941 for the quarterly period ending March 31, 2016 (period in issue), reporting tax due of $64,839. The IRS credited petitioner with advance tax deposits of $54,462 and a modest credit elect overpayment, leaving an unpaid balance of $10,377. The IRS subsequently assessed an addition to tax for late payment under section 6651(a)(2), a Federal tax deposit penalty under section 6656, and interest. The IRS issued a notice and demand for payment to petitioner.

On November 21, 2017, respondent issued a notice of intent to levy to petitioner regarding its unpaid employment tax and related assessments for the period in issue. Mr. Kaplan timely requested an administrative hearing with the Appeals Office.

The Appeals Office initially reviewed petitioner's account transcript for the period in issue with Mr. Kaplan and granted his request for additional time to determine whether all tax payments had been properly taken into account. Mr. Kaplan subsequently informed the Appeals Office that, although petitioner's deposits for the period in issue were properly accounted for, he believed that the IRS had erroneously assessed additions to tax, penalties, and interest for earlier taxable periods. Mr. Kaplan posited that if the above-referenced assessments were abated, petitioner would have sufficient credit elect overpayments to offset the balance of employment tax due for the period in issue. In the alternative Mr. Kaplan suggested that petitioner could pay any outstanding employment tax in monthly installments of $265.

The Appeals Office determined that all payments, credits, and refunds for earlier taxable periods had been taken into account, informed Mr. Kaplan that it lacked the authority to consider petitioner's requests for abatement relating to taxable periods other than the period in issue, recommended that petitioner submit

Forms 843, Claim for Refund and Request for Abatement, to the IRS in respect of those claims, and requested that petitioner submit financial information to permit the Appeals Office to evaluate its eligibility for an installment plan. When petitioner failed to provide any additional information, the Appeals Office issued the notice of determination in dispute.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). Summary judgment is warranted only if the moving party shows that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). In deciding whether to grant summary judgment the factual materials and inferences drawn from them must be considered in the light most favorable to the nonmoving party. FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). Where a motion for summary judgment is properly supported, however, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d).

Respondent's motion for summary judgment is well founded. Although petitioner filed a response in opposition to respondent's motion, it has not identified any material fact that remains in dispute or presented a genuine issue for trial.

Section 6331(a) authorizes the Commissioner to levy upon property and property rights of a person liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment.[6] Section 6331(d) provides that the levy authorized by section 6331(a) may be made with respect to any unpaid tax only after the Commissioner has notified the person in writing of his intention to make the levy at least 30 days before any levy action is begun.

Section 6330 provides procedures for administrative and judicial review of the Commissioner's levy actions. Any person receiving a notice of proposed levy may request an administrative hearing with the Appeals Office. The Appeals Office in turn is obliged to verify that the requirements of any applicable law or administrative procedure have been meet. Sec. 6330(c)(1), (3)(A). The person may raise at the administrative hearing any relevant issue relating to the unpaid tax or the collection action, including challenges to the appropriateness of the

---

[6]The applicable definition of the term "person" includes a corporation. See sec. 7701(a)(1).

collection action and offers of collection alternatives. Sec. 6330(c)(2)(A), (3)(B). The person may also raise at the hearing challenges to the existence or amount of the underlying liability if the person did not receive a statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such liability. Sec. 6330(c)(2)(B). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the person's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

Section 6330(d) vests the Court with jurisdiction to review administrative determinations in collection actions. Where the underlying tax liability is properly at issue, we apply a de novo standard of review. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review issues that do not relate to the underlying tax liability for abuse of discretion. Id. at 182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Respondent seeks to collect the unpaid balance of employment tax that petitioner reported on Form 941 for the period in issue, an addition to tax and a

penalty assessed under sections 6651(a)(2)[7] and 6656,[8] respectively, and interest. Petitioner does not challenge the amount of employment tax that it reported for the period in issue, nor does it take direct issue with the addition to tax, penalty, and interest that respondent assessed for the period in issue. Petitioner instead contends that the Appeals Office erred in failing to recognize that it is entitled to claimed credit elect overpayments that would fully offset the balance of employment tax due for the period in issue, which in turn would negate the addition to tax, penalty, and interest that respondent assessed.

Where a taxpayer overpays its tax, the IRS is vested with discretion to credit that overpayment to another liability. Sec. 6402(a). As we explained in Weber v. Commissioner, 138 T.C. 348, 371-372 (2012):

> An overpayment of a * * * [tax liability] that has been determined by the IRS or a court but has not been either refunded or applied to another liability may be an "available credit" that * * * could be taken into account in a CDP hearing to determine whether the tax at issue remains "unpaid" and whether the IRS can proceed with collection. But a mere claim of an overpayment is not an "available credit" but is instead a claim for a credit; and such a claim

---

[7]Where a taxpayer fails to timely pay tax shown on a return, including Form 941, sec. 6651(a)(2) imposes an addition to tax equal to 0.5% of the amount shown as tax for each month the failure continues, not to exceed 25% in the aggregate.

[8]Where a taxpayer fails to make a Federal tax deposit by the date prescribed, sec. 6656 imposes a penalty of up to 15% of the undeposited amount.

need not be resolved before the IRS can proceed with collection of the liability at issue. * * *

The record reflects that neither the IRS nor any court has determined that petitioner is credited with an overpayment that is available to be applied to offset the unpaid balance of employment tax due for the period in issue. Although petitioner maintains that additions to tax and penalties assessed for earlier taxable periods should be abated, those matters remain unresolved and do not fall within the Court's jurisdiction in this case. See, e.g., Murphy v. Commissioner, T.C. Memo. 2019-72, at *8-*9. In the context of this action, there is no support for petitioner's credit elect overpayment claim.

The record reflects that petitioner failed to make adequate employment tax deposits for the period in issue. Although Mr. Kaplan suggested that petitioner was interested in entering into an installment agreement, he failed to provide the financial information that the Appeals Office needed to evaluate petitioner's eligibility for an alternative to the proposed levy action. See Pough v. Commissioner, 135 T.C. 344, 351 (2010).

The Court has authority to review the Appeals Office's satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the administrative hearing. See Hoyle v. Commissioner, 131 T.C. 197, 200-203

(2008), supplemented by 136 T.C. 463 (2011).  Petitioner has not asserted at any stage of these proceedings, however, that respondent failed to meet the requirements of any applicable law or administrative procedure governing the assessments entered for the period in issue.  That issue is therefore deemed conceded.  See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Triola v. Commissioner, T.C. Memo. 2014-166, at *9.

We conclude that there is no genuine dispute as to any material fact, the Appeals Office did not abuse its discretion, and respondent is entitled as a matter of law to entry of decision sustaining the proposed levy action.

To reflect the foregoing,

An appropriate order and decision will be entered.