T.C. Memo. 2021-145

UNITED STATES TAX COURT

MARK G. PFETZER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10346-18L.                    Filed December 30, 2021.

Mark G. Pfetzer, pro se.

<u>John K. Parchman</u>, for respondent.

MEMORANDUM OPINION

PUGH, <u>Judge</u>:  This case was commenced in response to a Notice of
Determination Concerning Collection Action(s) Under Section 6320 and/or 6330
(notice of determination) sustaining a notice of Federal tax lien (NFTL) filing by
the Internal Revenue Service (IRS) to secure petitioner's unpaid Federal income
tax liabilities for 2004 through 2012.  Petitioner timely filed a petition pursuant to

[*2] section 6330(d),[1] seeking review of respondent's determination. Resolution of this case turns on whether the IRS Office of Appeals satisfied the verification requirements under section 6330(c)(1).[2] We conclude that it did not.

## Background

This case was submitted fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in Mississippi when he filed the petition.

## I.     Notice of Determination and Petition

Petitioner failed to file Federal income tax returns for 2004 through 2012. Respondent prepared substitutes for return pursuant to section 6020(b) and assessed tax for all nine years. As we explain below, however, the record does not include notices of deficiency for any of these years, nor did petitioner petition this Court to challenge notices of deficiency for any of these years.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] On July 1, 2019, Congress renamed the IRS Office of Appeals the IRS Independent Office of Appeals. See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001(a), 133 Stat. at 983 (2019). The events in this case largely predate that change, so we use the name in effect at the times relevant to this case, i.e., the Office of Appeals or IRS Appeals.

**[*3]**   Petitioner did not pay the assessed tax deficiencies, and on June 30, 2016, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing (lien filing notice).  The NFTL covered unpaid tax liabilities for 2004 through 2012.  In response petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting an administrative hearing.  On Form 12153 petitioner stated that he:  (1) did not owe the asserted tax liabilities for 2010 and 2011, (2) wanted verification that the IRS performed the procedures required by law, and (3) wanted a face-to-face administrative hearing at the IRS office closest to him.  While petitioner did not check a box on Form 12153 indicating that he wished to be considered for collection alternatives, he noted that, in the event his tax liabilities were sustained, he would want to discuss collection alternatives.

In September 2016 Settlement Officer Laurel K. Smith (SO Smith) sent petitioner an initial contact letter and scheduled a telephone conference.  SO Smith informed petitioner that she would arrange a face-to-face meeting if he provided requested information within 14 days from the date of the letter.  SO Smith requested that petitioner submit tax returns for 2010 and 2011 and, if petitioner wished to be considered for collection alternatives, Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and tax

**[\*4]** returns for 2013, 2014, and 2015.  In response petitioner reiterated his request for a face-to-face hearing and challenged tax assessments for 2004 through 2012.  He questioned the issuance of notices of deficiency for all the years in issue and alleged that he had never received any such notices.

The parties exchanged further correspondence, but petitioner did not respond to any of SO Smith's requests for unfiled tax returns or other documentation.  Thus, SO Smith informed petitioner that he was ineligible for a face-to-face hearing.  SO Smith could not reach petitioner for a scheduled telephone conference, and he never provided a valid phone number as she requested.

On April 23, 2018, respondent issued the notice of determination sustaining the filing of the NFTL.  The notice of determination stated that petitioner could not challenge the underlying tax liability for:  (1) 2004 through 2008 because he had had a prior opportunity to contest the liabilities for each year when respondent previously issued a notice of intent to levy[3] and (2) 2009 through 2012 because respondent issued notices of deficiency for those years.  In arriving at this conclusion SO Smith reviewed computerized transcripts to confirm that notices of

---

[3] Petitioner filed a petition challenging the proposed levy with respect to tax years 2004 through 2006 (docket No. 7033-11L), but his case was dismissed for lack of prosecution.  Petitioner's arguments then were essentially identical to the ones he makes in this case.

**[*5]** deficiency and notice and demand were sent to petitioner's last known address and determined that the lien filing notice was sent to petitioner and that there was not a collection alternative or bankruptcy case pending that would affect the filing of the NFTL. She also concluded that petitioner was not eligible for a collection alternative because he failed to provide requested financial information and was not in compliance with his filing requirements. Lastly, after balancing the need for efficient collection of tax with petitioner's concern that the collection action be no more intrusive than necessary, SO Smith sustained the filing of the NFTL.

Petitioner filed a petition with the Court challenging the notice of determination. He assigned error to SO Smith's alleged failure (1) to verify that all applicable administrative procedures required by law were followed and (2) to grant petitioner a face-to-face hearing at the nearest IRS office.

II.    Motion for Summary Judgment and Remand

After this case was set for trial, respondent moved for summary judgment. In support of his motion respondent attached the notices of deficiency and substitute U.S. Postal Service Forms 3877, Certified Mailing List, to prove proper mailing of the notices but only for tax years 2009 through 2012. The Court denied respondent's motion for summary judgment and remanded the case to IRS Appeals. In doing so we explained that questions remained as to "what was in the

[*6] administrative record and what the settlement officer relied upon to verify that all requirements of applicable law and administrative procedures were met" under section 6330(c)(1).  In our order of remand we directed respondent to Hoyle v. Commissioner, 131 T.C. 197, 205 n.7 (2008), supplemented by 136 T.C. 463 (2011), in which the Court held that when a taxpayer alleges that the notice of deficiency was not mailed, the Appeals officer must not only consult transcripts but also examine "underlying documents"--such as the taxpayer's return, a copy of the notice of deficiency, and a certified mailing list--to verify the proper mailing of the notice of deficiency under section 6330(c)(1).  See also sec. 6320(c).

On remand, SO Smith requested that petitioner submit additional documentation, including Form 433-A and unfiled tax returns for 2013 through 2018.  And petitioner continued to allege that respondent never mailed him notices of deficiency for 2004 through 2008 and that the notices of deficiency for 2009 through 2012 were mailed to the wrong address.

In a subsequent telephone conference petitioner reiterated that he did not receive the notices of deficiency for any of the years in issue, and SO Smith countered that petitioner could not challenge the underlying liabilities.  After the conference the parties exchanged further correspondence repeating their respective positions.  Eventually, IRS Appeals issued a Supplemental Notice of

[*7] Determination Concerning IRS Collection Actions under Internal Revenue Code Sections 6320 or 6330 (supplemental notice of determination) sustaining the NFTL filing. In the supplemental notice of determination SO Smith stated that she relied on transcripts to ensure that assessments were made and a notice of the assessment had been sent to petitioner for each year in issue.

III.    Proceedings Under Rule 122

The parties then filed a joint motion to submit this case pursuant to Rule 122, which we granted, and a joint stipulation of facts that included the following exhibits: the lien filing notice, petitioner's hearing request, correspondence between petitioner and respondent during the initial administrative hearing and during remand, the notice of determination and supplemental notice of determination, SO Smith's case activity record (case notes), and TXMODA transcripts for 2004 through 2012.[4] Not included as stipulated exhibits are (1) respondent's complete administrative record; (2) any of the notices of deficiency; or (3) any proofs of mailing to petitioner's last known address.

---

[4] The TXMODA transcripts contain current account information from the IRS master file. TXMODA is the command that IRS employees enter into the integrated data retrieval system (IDRS) to obtain a transcript. See Crow v. Commissioner, T.C. Memo. 2002-149, 2002 WL 1298743, at *4 n.6. IDRS is essentially the interface between IRS employees and its various computer systems. Id.

[*8]                                Discussion

This is a Court of limited jurisdiction; we exercise our jurisdiction only as explicitly authorized by statute. Sec. 7442; see Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Section 6330(d)(1) grants this Court jurisdiction to review a timely petition challenging the Commissioner's notice of determination to sustain a collection action. See Callahan v. Commissioner, 130 T.C. 44, 48 (2008). Because petitioner filed a timely petition challenging respondent's notice of determination, we have jurisdiction in this case.

In a collection case our standard of review depends on whether the underlying tax liability is in issue. Where the taxpayer's underlying tax liability is properly in issue, the Court reviews the Commissioner's determination de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews administrative determinations made by IRS Appeals regarding nonliability issues for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). The burden is on the taxpayer to prove that the

**[*9]** settlement officer abused her discretion. Rules 142(a), 122(b); see <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Section 6320(a)(1) requires the Commissioner to give any person liable to pay tax written notice of the filing of an NFTL upon that taxpayer's property. The notice must inform the taxpayer of the right to request a hearing in the IRS Office of Appeals. Sec. 6320(a)(3)(B), (b)(1). Section 6330(c), (d), and (e) governs the conduct of a hearing requested under section 6320. Sec. 6320(c).

As part of the administrative hearing process the settlement officer must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). Relevant to our analysis is the requirement in section 6213(a) that, with limited exceptions not applicable here, no deficiency may be assessed until after a notice of deficiency is mailed to the taxpayer. The IRS may summarily assess an amount of tax shown on a return filed by a taxpayer but must wait 90 days after issuing a notice of deficiency before assessing a tax deficiency. Secs. 6201(a), 6212(a), 6213(a); <u>Jordan v. Commissioner</u>, 134 T.C. 1, 12 (2010), <u>supplemented by</u> T.C. Memo. 2011-243. If assessment of a deficiency is not preceded by a notice of deficiency as required by section 6213(a), then the assessment is invalid as is any lien based on that assessment. <u>Hoyle v. Commissioner</u>, 131 T.C. at 205. Accordingly, we have held that section

**[\*10]** 6330(c)(1) requires the settlement officer, as a part of her review of an action to collect Federal tax, to verify that a valid notice of deficiency was issued to the taxpayer. Jordan v. Commissioner, 134 T.C. at 12.

Section 6330(c)(1) does not require that the settlement officer review a particular document to satisfy the verification requirement. See Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003). Generally, the settlement officer may rely on a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, or a transcript containing similar information. See Jordan v. Commissioner, 134 T.C. at 13.

When a taxpayer specifically alleges that he never received a notice of deficiency, however, a settlement officer may not rely solely on tax transcripts to verify that a notice has been issued and mailed to the taxpayer's last known address. Hoyle v. Commissioner, 131 T.C. at 205 n.7. Instead, the settlement officer must examine "underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list". Id. (quoting Chief Counsel Notice CC-2006-19 (Aug. 18, 2006)). In cases in which a copy of the notice of deficiency and a matching Form 3877 have been produced, the Court has found that the evidence of mailing was sufficient (if no contrary evidence suggests that the notice had not been mailed). See, e.g.,

[*11] <u>Schlegel v. Commissioner</u>, T.C. Memo. 2016-90; <u>Garrett v. Commissioner</u>, T.C. Memo. 2015-228; <u>Spivey v. Commissioner</u>, T.C. Memo. 2001-29, <u>aff'd</u>, 29 F. App'x 575 (11th Cir. 2001).

Petitioner asserted during the administrative hearing and now before us that respondent failed to verify that a notice of deficiency was issued and mailed to petitioner's last known address for each tax year in issue. Respondent attempts to deflect this challenge by asserting that it relates to the underlying tax liability, which he argues petitioner cannot challenge. But proper verification is not a challenge to the underlying liability; it is a stand-alone requirement in section 6330(c)(1) and is independent of the issues that may be considered under section 6330(c)(2) (such as the taxpayer's underlying tax liability). <u>Hoyle v. Commissioner</u>, 131 T.C. at 200-203.

We remanded this case to IRS Appeals to clarify the record as to what SO Smith relied upon in determining that the notices of deficiency were properly issued and sent to petitioner's last known address, directing the parties specifically to <u>Hoyle</u>. Respondent has not pointed to evidence in the record showing that SO Smith examined underlying documents but rather has argued that her examination of the lien filing notice and the computerized tax transcripts satisfied the verification requirement in section 6330(c)(1).

**[\*12]** The stipulated record does not include the notices of deficiency or Forms 3877.[5] Under similar circumstances, we have held that we were unable to determine that the settlement officer properly verified that the notices of deficiency were mailed to the taxpayer's last known address as required under section 6330(c)(1) and (3) and Hoyle. See, e.g., Kearse v. Commissioner, T.C. Memo. 2019-53; Rivas v. Commissioner, T.C. Memo. 2017-56 (stating that when the Appeals officer did not examine underlying documents to ascertain proper mailing of the notice of deficiency, he failed to fulfill a verification requirement under section 6330(c)(1); but sustaining the determination on the basis of the record before the Court). Without the notices of deficiency or Forms 3877 in the stipulated record, we must come to the same conclusion here.

## Conclusion

Restricted as we are to the stipulated evidence before us under Rule 122, we must hold that SO Smith has not fulfilled her duty of verification under section 6330(c)(1): She did not verify that valid notices of deficiency were issued and mailed to petitioner at his last known address for any of the tax years in issue by

---

[5] While notices of deficiency for four of the years in issue (2009 through 2012) and matching Forms 3877 were attached to the respondent's motion for summary judgment, those documents are not included in the stipulation of facts. See Rules 91(e), 122.

**[*13]** reviewing underlying documentation after petitioner raised questions about the existence or mailing of the notices of deficiency. See Hoyle v. Commissioner, 131 T.C. at 205 n.7.

We therefore cannot sustain the conclusion in the supplemental notice of determination that applicable legal and administrative requirements had been met with respect to the assessment of the deficiencies for 2004 through 2012 as required by section 6330(c)(1).[6] Consequently, we hold that IRS Appeals abused its discretion in sustaining the filing of the NFTL with respect to petitioner's unpaid income tax liabilities for 2004 through 2012. Any contentions we have not addressed are irrelevant, moot, or meritless.

An appropriate decision will be entered.

---

[6] Thus, we need not consider petitioner's argument that he was improperly denied a face-to-face hearing.